

FILED

2009 MAY -1 PM 4:05

CLERK U.S. DISTRICT COURT
CENTRAL DIST. OF CALIF.
LOS ANGELES

BY: ___________

Eric H. Gibbs (State Bar No. 178658)
ehg@girardgibbs.com
Dylan Hughes (State Bar No. 209113)
Geoffrey A. Munroe (State Bar No. 228590)
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, California 94108
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Melissa M. Harnett (State Bar No. 164309)
mharnett@wcclaw.com
Gregory B. Scarlett (State Bar No. 131486)
**WASSERMAN, COMDEN & CASSELMAN, L.L.P.**
5567 Reseda Boulevard, Suite 330
Post Office Box 7033
Tarzana, California 91357-7033
Telephone: (818) 705-6800
Facsimile: (818) 345-0162

Attorney for Individual and Representative Plaintiff Carlos Collado

**UNITED STATES DISTRICT COURT**

**CENTRAL DISTRICT OF CALIFORNIA**

| | |
|---|---|
| Carlos Collado, on behalf of himself and all others similarly situated,<br><br>Plaintiff,<br><br>v.<br><br>Toyota Motor Sales, U.S.A., Inc., a California corporation,<br><br>Defendant. | Case No. CV09-3087 R (RCx)<br><br>**CLASS ACTION**<br><br>**COMPLAINT FOR EQUITABLE RELIEF BASED ON:**<br><br>**(1) VIOLATION OF CONSUMERS LEGAL REMEDIES ACT;**<br><br>**(2) VIOLATION OF UNFAIR COMPETITION LAW.**<br><br>**DEMAND FOR JURY TRIAL** |

VIA FAX

Plaintiff Carlos Collado, on behalf of himself and all others similarly situated, alleges as follows:

## NATURE OF THE CASE

1. Plaintiff and the class he proposes to represent own or lease 2006 and 2007 Toyota Prius vehicles that suffer from a dangerous but undisclosed safety defect. The vehicles are factory installed with high-intensity discharge ("HID") headlights that sporadically stop working while the vehicle is being driven.

2. Toyota has long been aware of the Prius's HID headlight problems, but rather than alerting Prius owners of this safety hazard and offering to repair the vehicles, Toyota is concealing the problem from its customers. As a result, Prius owners are subject to dangerous driving conditions and traffic citations, as they often drive around for months before realizing that their headlights sporadically stop working. And even when Prius owners do finally discover the problem on their own, Toyota typically charges them between $300 and $1,800 to replace part or all of the Prius's headlight system with equally defective parts, resulting in further headlight failures and additional repair expenses.

3. On behalf of himself and similarly situated Prius owners, Plaintiff alleges that Toyota violated California's Consumers Legal Remedies Act and Unfair Competition Law by failing to disclose a defect that poses an unreasonable safety risk to consumers. Plaintiff seeks a judgment requiring Toyota to inform all class members of the Prius's HID headlight problems and to make appropriate restitution to the class.

## PARTIES

4. Plaintiff Carlos Collado is a citizen and resident of Kent, New York, located in the County of Putnam.

5. Defendant Toyota Motor Sales, U.S.A., Inc. (Toyota) is a corporation organized under the laws of the State of California and headquartered in Torrance, California. Toyota is the U.S. sales, marketing, and distribution arm of its Japanese parent company, Toyota Motor Corporation.

## JURISDICTION AND VENUE

6. This Court has jurisdiction over this action under the Class Action Fairness Act, 28 U.S.C. § 1332(d). The aggregated claims of the individual class members exceed the sum value of $5,000,000, exclusive of interests and costs, and this is a class action in which more than two-thirds of the proposed plaintiff class, on the one hand, and Defendant Toyota, on the other, are citizens of different states.

7. This Court has jurisdiction over Toyota because it maintains its principal headquarters in California, is registered to conduct business in California, has sufficient minimum contacts in California, or otherwise intentionally avails itself of the markets within California, through promotion, sale, marketing and distribution of its vehicles in California, to render the exercise of jurisdiction by this Court proper and necessary. Moreover, Toyota's wrongful conduct (as described below) emanates from California

8. Venue is proper in this District under 28 U.S.C. § 1391 because Toyota resides in this District and a substantial part of the events or omissions giving rise to Plaintiff's claims occurred in this District.

## SUBSTANTIVE ALLEGATIONS

9. Toyota promotes, sells, markets, and distributes automobiles in the United States sold under the "Toyota" brand name. These vehicles include the "Prius" brand which is the world's first mass-produced hybrid. In total, Toyota has sold more than 670,000 Prius vehicles in the U.S.

10. This lawsuit concerns 2006 and 2007 model year Prius vehicles that were factory installed with an optional HID headlight system ("Class Vehicles"). HID stands for high-intensity discharge, a technical term for the electric arc that produces the light. According to Toyota, HID headlights, which it also refers to as HID headlamps, are superior to halogen headlights (a less expensive headlight option for the Prius) because the light emitted is closer in color to sunlight; because the light shines ahead over a broader area of the road, as well as farther forward, to help increase driver visibility; and because HID headlights consume less power and last longer than regular halogen

headlights. The 2006 and 2007 Prius headlight system includes the HID bulb and ballast, HID Electronic Control Unit (ECU), headlight assembly power circuit, and the associated wiring and connectors ("HID Headlight System").

11. The HID Headlight System factory installed in class vehicles is defective, as one or both headlights stop and then start working during use. The headlight failures are unpredictable because they fail and then start working randomly and for differing durations. There is no indication within the vehicle when the headlights fail, as the dashboard panel remains illuminated. And because of the sporadic nature of the problem, it is often difficult for consumers or service personnel to diagnose the headlight failures through routine inspections or otherwise.

12. Toyota has a duty to disclose the HID Headlight System defect to Prius owners because the defect poses an unreasonable safety hazard, because Toyota has exclusive knowledge or access to the material facts and has known that these facts were not known or reasonably discoverable by the Plaintiff or the Class members, and because Toyota has actively concealed the HID Headlight System defect from its customers.

13. The defective HID Headlight System poses an unreasonable safety risk for class members and others. Headlights are critical safety features that function to both illuminate the road for the driver and to notify other vehicles and pedestrians of the vehicle's presence. A defect that creates a propensity for one or both of the headlights to intermittently stop working can easily lead to automobile accidents and moving-violation penalties.

14. Safe and functional headlights were material to Plaintiff and Class members' decisions to buy or lease a Prius. A reasonable consumer expects and assumes that when they buy a vehicle, it includes safe and functional headlights. A reasonable consumer further expects and assumes Toyota will not sell vehicles with known safety defects, such as the HID Headlight System defect, and will disclose any such defect to its consumers.

15. Had Plaintiff and the other class members known of the HID Headlight System defect, they would not have bought or leased Class Vehicles at the prices they

paid, if at all.

16. Toyota had exclusive knowledge of the HID Headlight System defect, and knew that the defect was not known or reasonably discoverable by the Plaintiff and Class members without experiencing the defect first hand (and thus exposing themselves to an unreasonable safety hazard). Only Toyota had access to information about the significant risk of intermittent headlight failure through its dealerships, pre-release testing data, warranty data, customer complaint data, and replacement part sales data, among other sources of aggregate information about the problem.

17. Toyota actively concealed the HID Headlight System defect from Plaintiff and Class members. In addition to not notifying Prius owners and lessees of the defect or implementing a recall, Toyota never notified Toyota dealerships of the problem. As a result, when Prius owners brought their vehicles in for repair, Toyota dealerships were often unaware that the headlight failures were a common and systematic problem and were often unable to properly diagnose the problem. In addition, Toyota provided equally defective HID Headlight System parts to its dealers for use in repairing Prius owners and lessees' headlight problems. Toyota thus tried to give the impression that any headlight problems were unique cases rather than part of a systematic defect.

18. When consumers present their vehicles to an authorized Toyota dealer for repair of the HID Headlight System, consumers are typically told that they must pay for the repair. Replacement and installation of a single HID headlight bulb costs hundreds of dollars, while replacement of the entire HID Headlight system can cost as much as $1,800. These repairs typically only work temporarily, resulting in consumers paying for further repairs to their HID Headlight System after the intermittent headlight failures reoccur.

19. To this day, Toyota has still not notified Plaintiff and the proposed class of Prius owners and lessees about the HID Headlight defect or offered to cover the cost of repairs.

20. As a result of Toyota's practices, Plaintiff and Class members purchased

vehicles they otherwise would not have purchased, paid more for those vehicles than they would have paid, and unnecessarily paid, and will continue to pay, to diagnose, repair, and/or replace the HID Headlight System defect.

**PLAINTIFF'S EXPERIENCE**

21. In March 2007, Plaintiff Carlos Collado purchased a 2007 model year Prius that came factory-equipped with an HID Headlight System.

22. Safe and functional headlights were and are important to Mr. Collado. Had he known of the HID Headlight System defect, he would not have bought his Prius.

23. Toyota did not inform Mr. Collado that the Prius's HID Headlight System was defective when he purchased his Prius, or at any other time. Mr. Collado has never received any communication from Toyota concerning the Prius's headlights, and did not know that the HID Headlight System was defective until after he discovered that his Prius's headlights were failing.

24. In April 2008, Mr. Collado realized that his headlights had not been functioning properly. He noticed that his right headlight was not working, although a short time later it was working again.

25. Concerned, Mr. Collado promptly took his vehicle to a Toyota dealership for repair. The Toyota dealership checked his Prius's HID Headlight System, but stated that they could not duplicate the headlight failure, could not repair it, and did not know of any problems with the HID Headlight System and/or its component parts.

26. One week later, Mr. Collado returned to the same dealership because he continued to notice that his right headlight was not working on an intermittent basis. This time the dealership told Mr. Collado that the right front ballast was sporadically inoperative and needed replacing at a total cost of over $650.

27. Shocked at the price and concerned that the dealership hadn't diagnosed the problem in the first instance, Mr. Collado took his vehicle to an independent mechanic for repair. The Toyota dealership charged Mr. Collado $85 for its diagnoses. The independent mechanic replaced the ballast with the Toyota part for a total cost of

$487.68. The mechanic did not replace the bulb because it still worked.

28. Approximately one year later, in April 2009, Mr. Collado again had to pay to repair his HID Headlight System after he noticed, once again, that one of his headlights was not working. Mr. Collado took his Prius to an independent mechanic, who replaced the HID bulb at a total cost of $227.66.

29. So far, Mr. Collado, has spent $800 to diagnose and repair his Prius's HID Headlight System, which Toyota knew to be defective when it sold him the vehicle.

## CLASS ACTION ALLEGATIONS

30. Plaintiff brings this action on behalf of himself and a class of persons initially defined as follows:

> All persons in the United States who own or lease a 2006 or 2007 model year Prius factory installed with HID headlights.

Excluded from the Class are Toyota; any affiliate, parent, or subsidiary of Toyota; any entity in which Toyota has a controlling interest, any officer, director, or employee of Toyota; any successor or assign of Toyota; anyone employed by counsel for Plaintiff in this action; and any Judge to whom this case is assigned as well as his or her immediate family.

31. This action has been brought and may properly be maintained on behalf of the Class proposed above under the criteria of Rule 23 of the Federal Rules of Civil Procedure.

32. Numerosity. Members of the class are so numerous that their individual joinder herein is impracticable. Toyota has sold or leased tens of thousands of Prius automobiles in the United States, with a substantial portion of those sales occurring in California. Class members may be notified of the pendency of this action by mail, supplemented (if deemed necessary or appropriate by the Court) by published notice.

33. Existence and predominance of common questions. Common questions of law and fact exist as to all members of the class and predominate over questions affecting only individual class members. These common questions include the following:

a. whether Class Vehicles suffer from the HID Headlight System defect;

b. whether the HID Headlight System defect constitutes an unreasonable safety risk;

c. whether Toyota knows about the HID Headlight System defect and, if so, how long Toyota has known of the defect;

d. whether the defective nature of the HID Headlight System constitutes a material fact;

e. whether Toyota has a duty to disclose the defective nature of the HID Headlight System to Plaintiff and Class members.

f. whether Toyota has violated the Consumers Legal Remedies Act, Civ. Code § 1750 et seq., as alleged in this complaint;

g. whether Toyota has engaged in unlawful, unfair, or fraudulent business practices in violation of Business and Professions Code section 17200 *et seq.*, as alleged in this complaint;

h. whether Plaintiff and the other class members are entitled to equitable relief, including but not limited to a preliminary and/or permanent injunction.

34. Typicality. Plaintiff's claims are typical of the claims of the class, because, among other things, Plaintiff purchased a Class Vehicle, which contains the same HID Headlight System defect found in all other Class Vehicles.

35. Adequacy. Plaintiff is an adequate representative of the class because his interests do not conflict with the interests of the members of the class he seeks to represent. Plaintiff has retained counsel competent and experienced in complex class action litigation, and Plaintiff intends to prosecute this action vigorously. The interests of members of the class will be fairly and adequately protected by Plaintiff and his counsel.

36. Superiority. The class action is superior to other available means for the fair and efficient adjudication of this dispute. The injury suffered by each class member, while meaningful on an individual basis, is not of such magnitude as to make the

prosecution of individual actions against Toyota economically feasible. Even if class members themselves could afford such individualized litigation, the court system could not. In addition to the burden and expense of managing myriad actions arising from the HID Headlight System defect, individualized litigation presents a potential for inconsistent or contradictory judgments. Individualized litigation increases the delay and expense to all parties and the court system presented by the legal and factual issues of the case. By contrast, the class action device presents far fewer management difficulties and provides the benefits of single adjudication, economy of scale, and comprehensive supervision by a single court.

37. In the alternative, the class may be certified because:

   a. the prosecution of separate actions by the individual members of the class would create a risk of inconsistent or varying adjudication with respect to individual class members which would establish incompatible standards of conduct for Toyota;

   b. the prosecution of separate actions by individual class members would create a risk of adjudications with respect to them which would, as a practical matter, be dispositive of the interests of other class members not parties to the adjudications, or substantially impair or impede their ability to protect their interests; and

   c. Toyota has acted or refused to act on grounds generally applicable to the class, thereby making appropriate final and injunctive relief with respect to the members of the class as a whole.

**FIRST CAUSE OF ACTION**
**(Violation of the Consumers Legal Remedies Act,
Cal. Civ. Code §§ 1750, *et. seq.*)**

38. Plaintiff, on behalf of himself and all others similarly situated, realleges as if fully set forth, each and every allegation set forth herein.

39. Toyota is a "person" within the meaning of Civil Code sections 1761(c) and

1770, and provided "goods" within the meaning of California Civil Code sections 1761(b) and 1770.

40. Plaintiff and members of the class are "consumers" within the meaning of Civil Code sections 1761(d) and 1770, and have engaged in a "transaction" within the meaning of Civil Code sections 1761(e) and 1770.

41. As set forth herein, Toyota's acts and practices, undertaken in transactions intended to result and which did result in the sale or lease of Class Vehicles, violate section 1770 of the Consumers Legal Remedies Act in that: (a) Toyota represents that its goods have sponsorship, approval, characteristics, uses or benefits which they do not have; (b) Toyota advertises its goods with intent not to sell them as advertised; (c) Toyota represents that a transaction confers or involves rights, remedies, or obligations which it does not have or involve; and (d) Toyota represents that its goods have been supplied in accordance with a previous representation when they have not.

42. The acts and practices engaged in by Toyota that violate the Consumers Legal Remedies Act include failing to disclose, at the point of sale or otherwise, that the HID Headlight System is defective and poses a safety hazard.

43. Had Toyota adequately disclosed information about the HID Headlight System defect, Plaintiff, Class members, and a reasonable consumer would have not purchased, and/or would have paid less for their Class Vehicles.

44. Pursuant to the provisions of California Civil Code § 1780, Plaintiff seeks an order enjoining Toyota from the unlawful practices described herein, a declaration that Toyota's conduct violates the Consumers Legal Remedies Act, and attorneys' fees and costs of litigation.

## SECOND CAUSE OF ACTION

**(For unlawful, unfair, and fraudulent business practices under Business and Professions Code section 17200 *et seq.*)**

45. Plaintiff, on behalf of himself and all others similarly situated, realleges as if fully set forth, each and every allegation set forth herein.

46. Toyota's acts and practices, as alleged in this complaint, constitute unlawful, unfair and/or fraudulent business practices, in violation of the Unfair Competition Law, Cal. Bus. & Prof. Code § 17200, *et seq.*

47. The business practices engaged in by Toyota that violate the Unfair Competition Law include, failing to disclose, at the point of sale or otherwise, that the HID Headlight System is defective and poses a safety hazard.

48. Toyota engaged in unlawful business practices by violating the Consumers Legal Remedies Act, Civil Code sections 1750 *et seq.*

49. Toyota engaged in unfair business practices by, among other things:

a. Engaging in conduct where the utility of that conduct is outweighed by the gravity of the consequences to Plaintiff and other members of the class;

b. Engaging in conduct that is immoral, unethical, oppressive, unscrupulous, or substantially injurious to Plaintiff and other members of the class; and

c. Engaging in conduct that undermines or violates the stated policies underlying the CLRA, which seeks to protect consumers against unfair and sharp business practices and to promote a basic level of honesty and reliability in the marketplace.

50. Toyota engaged in fraudulent business practices by engaging in conduct that was and is likely to deceive a reasonable consumer.

51. As a direct and proximate result of Toyota's unlawful, unfair and fraudulent business practices as alleged herein, Plaintiff and Class members have suffered injury in fact and lost money or property, in that they purchased Class Vehicles they otherwise would not have, paid more for Class Vehicles than they otherwise would, paid for HID Headlight System diagnoses, repairs, and replacements, and are left with Class Vehicles of diminished value and utility because of the HID Headlight System defect. Meanwhile, Toyota has sold more Class Vehicles and HID Headlight System parts than it otherwise

could have and charged inflated prices for Class Vehicles, unjustly enriching itself thereby.

52. Plaintiff and Class members are entitled to equitable relief, including restitution of all fees, restitutionary disgorgement of all profits accruing to Toyota because of its unlawful, unfair and fraudulent, and deceptive practices, attorneys' fees and costs, declaratory relief, and a permanent injunction enjoining Toyota from its unlawful, unfair, fraudulent and deceitful activity.

## PRAYER

WHEREFORE, Plaintiff, on Plaintiff's own behalf and on behalf of the Class, pray for judgment as follows:

a. For an order certifying the Plaintiff Class and appointing Plaintiff and his counsel to represent the Class;

b. For an order awarding Plaintiff and the members of the Class restitution, or other equitable relief as the Court deems proper;

c. For an order enjoining Toyota from continuing to engage in unlawful business practices, as alleged herein;

d. For an order awarding Plaintiff and the members of the Class pre-judgment and post-judgment interest;

e. For an order awarding Plaintiff and the members of the Class reasonable attorneys' fees and costs of suit, including expert witness fees; and

f. For an order awarding such other and further relief as this Court may deem just and proper.

//

//

//

//

//

//

**DEMAND FOR JURY TRIAL**

Plaintiff demands a trial by jury on all issues so triable as a matter of right.

DATED: May 1, 2009

Respectfully submitted,

By: ______________________
Eric H. Gibbs

Dylan Hughes
Geoffrey A. Munroe
**GIRARD GIBBS LLP**
601 California Street, Suite 1400
San Francisco, California 94104
Telephone: (415) 981-4800
Facsimile: (415) 981-4846

Melissa M. Harnett
Gregory B. Scarlett
**WASSERMAN, COMDEN & CASSELMAN, L.L.P.**
5567 Reseda Boulevard, Suite 330
Post Office Box 7033
Tarzana, California 91357-7033
Telephone: (818) 705-6800
Facsimile: (818) 345-0162

Attorney for Individual and Representative Plaintiff Carlos Collado

# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## NOTICE OF ASSIGNMENT TO UNITED STATES MAGISTRATE JUDGE FOR DISCOVERY

This case has been assigned to District Judge Manuel Real and the assigned discovery Magistrate Judge is Rosalyn M. Chapman.

The case number on all documents filed with the Court should read as follows:

**CV09- 3087 R (RCx)**

Pursuant to General Order 05-07 of the United States District Court for the Central District of California, the Magistrate Judge has been designated to hear discovery related motions.

Unless otherwise ordered, the United States District Judge assigned to this case will hear and determine all discovery related motions.

---

**NOTICE TO COUNSEL**

*A copy of this notice must be served with the summons and complaint on all defendants (if a removal action is filed, a copy of this notice must be served on all plaintiffs).*

Subsequent documents must be filed at the following location:

[X] **Western Division**
**312 N. Spring St., Rm. G-8**
**Los Angeles, CA 90012**

[ ] **Southern Division**
**411 West Fourth St., Rm. 1-053**
**Santa Ana, CA 92701-4516**

[ ] **Eastern Division**
**3470 Twelfth St., Rm. 134**
**Riverside, CA 92501**

Failure to file at the proper location will result in your documents being returned to you.

Eric H. Gibbs (State Bar No. 178658)
Dylan Hughes (State Bar No. 209113)
Geoffrey A. Munroe (State Bar No. 228590)
GIRARD GIBBS LLP
601 California Street, Suite 1400
San Francisco, California 94104

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

Carlos Collado, on behalf of himself and all others similarly situated,

PLAINTIFF(S)

v.

Toyota Motor Sales, U.S.A., Inc., a California corporation,

DEFENDANT(S).

CASE NUMBER CV09-3087 R (RCx)

**SUMMONS**

TO: DEFENDANT(S): Toyota Motor Sales, U.S.A., Inc.

A lawsuit has been filed against you.

Within 20 days after service of this summons on you (not counting the day you received it), you must serve on the plaintiff an answer to the attached ☑ complaint ☐ ______________ amended complaint ☐ counterclaim ☐ cross-claim or a motion under Rule 12 of the Federal Rules of Civil Procedure. The answer or motion must be served on the plaintiff's attorney, Girard Gibbs LLP, whose address is 601 California Street, 14th Floor, San Francisco, CA 94108. If you fail to do so, judgment by default will be entered against you for the relief demanded in the complaint. You also must file your answer or motion with the court.

Clerk, U.S. District Court

Dated: MAY - 1 2009

By: Natalie Longoria
Deputy Clerk

*(Seal of the Court)*

*[Use 60 days if the defendant is the United States or a United States agency, or is an officer or employee of the United States. Allowed 60 days by Rule 12(a)(3)].*

COPY

# UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**I (a) PLAINTIFFS** (Check box if you are representing yourself ☐)
Carlos Collado, on behalf of himself and all others similarly situated

**DEFENDANTS**
Toyota Motor Sales, U.S.A., Inc., a California corporation

**(b)** Attorneys (Firm Name, Address and Telephone Number. If you are representing yourself, provide same.)
Eric H. Gibbs, Dylan Hughes, Geoffrey A. Munroe - Girard Gibbs LLP
601 California Street, 14th Floor, San Francisco, CA 94108
TEL: (415) 981-4800

Attorneys (If Known)
N/A

**II. BASIS OF JURISDICTION** (Place an X in one box only.)

☐ 1 U.S. Government Plaintiff
☐ 3 Federal Question (U.S. Government Not a Party)
☐ 2 U.S. Government Defendant
☑ 4 Diversity (Indicate Citizenship of Parties in Item III)

**III. CITIZENSHIP OF PRINCIPAL PARTIES** - For Diversity Cases Only (Place an X in one box for plaintiff and one for defendant.)

| | PTF | DEF | | PTF | DEF |
|---|---|---|---|---|---|
| Citizen of This State | ☐ 1 | ☐ 1 | Incorporated or Principal Place of Business in this State | ☐ 4 | ☑ 4 |
| Citizen of Another State | ☑ 2 | ☐ 2 | Incorporated and Principal Place of Business in Another State | ☐ 5 | ☐ 5 |
| Citizen or Subject of a Foreign Country | ☐ 3 | ☐ 3 | Foreign Nation | ☐ 6 | ☐ 6 |

**IV. ORIGIN** (Place an X in one box only.)

☑ 1 Original Proceeding ☐ 2 Removed from State Court ☐ 3 Remanded from Appellate Court ☐ 4 Reinstated or Reopened ☐ 5 Transferred from another district (specify): ☐ 6 Multi-District Litigation ☐ 7 Appeal to District Judge from Magistrate Judge

**V. REQUESTED IN COMPLAINT: JURY DEMAND:** ☑ Yes ☐ No (Check 'Yes' only if demanded in complaint.)

**CLASS ACTION under F.R.C.P. 23:** ☑ Yes ☐ No

☐ **MONEY DEMANDED IN COMPLAINT: $** ____________

**VI. CAUSE OF ACTION** (Cite the U.S. Civil Statute under which you are filing and write a brief statement of cause. Do not cite jurisdictional statutes unless diversity.)
28 USC 1332(d), violation of state consumer protection statutes

**VII. NATURE OF SUIT (Place an X in one box only.)**

**OTHER STATUTES**
☐ 400 State Reapportionment
☐ 410 Antitrust
☐ 430 Banks and Banking
☐ 450 Commerce/ICC Rates/etc.
☐ 460 Deportation
☐ 470 Racketeer Influenced and Corrupt Organizations
☐ 480 Consumer Credit
☐ 490 Cable/Sat TV
☐ 810 Selective Service
☐ 850 Securities/Commodities/ Exchange
☐ 875 Customer Challenge 12 USC 3410
☑ 890 Other Statutory Actions
☐ 891 Agricultural Act
☐ 892 Economic Stabilization Act
☐ 893 Environmental Matters
☐ 894 Energy Allocation Act
☐ 895 Freedom of Info. Act
☐ 900 Appeal of Fee Determination Under Equal Access to Justice
☐ 950 Constitutionality of State Statutes

**CONTRACT**
☐ 110 Insurance
☐ 120 Marine
☐ 130 Miller Act
☐ 140 Negotiable Instrument
☐ 150 Recovery of Overpayment & Enforcement of Judgment
☐ 151 Medicare Act
☐ 152 Recovery of Defaulted Student Loan (Excl. Veterans)
☐ 153 Recovery of Overpayment of Veteran's Benefits
☐ 160 Stockholders' Suits
☐ 190 Other Contract
☐ 195 Contract Product Liability
☐ 196 Franchise

**REAL PROPERTY**
☐ 210 Land Condemnation
☐ 220 Foreclosure
☐ 230 Rent Lease & Ejectment
☐ 240 Torts to Land
☐ 245 Tort Product Liability
☐ 290 All Other Real Property

**TORTS PERSONAL INJURY**
☐ 310 Airplane
☐ 315 Airplane Product Liability
☐ 320 Assault, Libel & Slander
☐ 330 Fed. Employers' Liability
☐ 340 Marine
☐ 345 Marine Product Liability
☐ 350 Motor Vehicle
☐ 355 Motor Vehicle Product Liability
☐ 360 Other Personal Injury
☐ 362 Personal Injury-Med Malpractice
☐ 365 Personal Injury-Product Liability
☐ 368 Asbestos Personal Injury Product Liability

**IMMIGRATION**
☐ 462 Naturalization Application
☐ 463 Habeas Corpus-Alien Detainee
☐ 465 Other Immigration Actions

**TORTS PERSONAL PROPERTY**
☐ 370 Other Fraud
☐ 371 Truth in Lending
☐ 380 Other Personal Property Damage
☐ 385 Property Damage Product Liability

**BANKRUPTCY**
☐ 422 Appeal 28 USC 158
☐ 423 Withdrawal 28 USC 157

**CIVIL RIGHTS**
☐ 441 Voting
☐ 442 Employment
☐ 443 Housing/Accommodations
☐ 444 Welfare
☐ 445 American with Disabilities - Employment
☐ 446 American with Disabilities - Other
☐ 440 Other Civil Rights

**PRISONER PETITIONS**
☐ 510 Motions to Vacate Sentence Habeas Corpus
☐ 530 General
☐ 535 Death Penalty
☐ 540 Mandamus/ Other
☐ 550 Civil Rights
☐ 555 Prison Condition

**FORFEITURE / PENALTY**
☐ 610 Agriculture
☐ 620 Other Food & Drug
☐ 625 Drug Related Seizure of Property 21 USC 881
☐ 630 Liquor Laws
☐ 640 R.R. & Truck
☐ 650 Airline Regs
☐ 660 Occupational Safety /Health
☐ 690 Other

**LABOR**
☐ 710 Fair Labor Standards Act
☐ 720 Labor/Mgmt. Relations
☐ 730 Labor/Mgmt. Reporting & Disclosure Act
☐ 740 Railway Labor Act
☐ 790 Other Labor Litigation
☐ 791 Empl. Ret. Inc. Security Act

**PROPERTY RIGHTS**
☐ 820 Copyrights
☐ 830 Patent
☐ 840 Trademark

**SOCIAL SECURITY**
☐ 861 HIA (1395ff)
☐ 862 Black Lung (923)
☐ 863 DIWC/DIWW (405(g))
☐ 864 SSID Title XVI
☐ 865 RSI (405(g))

**FEDERAL TAX SUITS**
☐ 870 Taxes (U.S. Plaintiff or Defendant)
☐ 871 IRS-Third Party 26 USC 7609

CV09-3087

**FOR OFFICE USE ONLY:** Case Number: ____________

**AFTER COMPLETING THE FRONT SIDE OF FORM CV-71, COMPLETE THE INFORMATION REQUESTED BELOW.**

UNITED STATES DISTRICT COURT, CENTRAL DISTRICT OF CALIFORNIA
CIVIL COVER SHEET

**VIII(a). IDENTICAL CASES:** Has this action been previously filed in this court and dismissed, remanded or closed? ☑ No ☐ Yes
If yes, list case number(s): ______

**VIII(b). RELATED CASES:** Have any cases been previously filed in this court that are related to the present case? ☑ No ☐ Yes
If yes, list case number(s): ______

**Civil cases are deemed related if a previously filed case and the present case:**
(Check all boxes that apply)
☐ A. Arise from the same or closely related transactions, happenings, or events; or
☐ B. Call for determination of the same or substantially related or similar questions of law and fact; or
☐ C. For other reasons would entail substantial duplication of labor if heard by different judges; or
☐ D. Involve the same patent, trademark or copyright, and one of the factors identified above in a, b or c also is present.

**IX. VENUE:** (When completing the following information, use an additional sheet if necessary.)

(a) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named plaintiff resides.
☐ Check here if the government, its agencies or employees is a named plaintiff. If this box is checked, go to item (b).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| | New York |

(b) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** named defendant resides.
☐ Check here if the government, its agencies or employees is a named defendant. If this box is checked, go to item (c).

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

(c) List the County in this District; California County outside of this District; State if other than California; or Foreign Country, in which **EACH** claim arose.
**Note: In land condemnation cases, use the location of the tract of land involved.**

| County in this District:* | California County outside of this District; State, if other than California; or Foreign Country |
|---|---|
| Los Angeles County | |

*** Los Angeles, Orange, San Bernardino, Riverside, Ventura, Santa Barbara, or San Luis Obispo Counties**
Note: In land condemnation cases, use the location of the tract of land involved

X. SIGNATURE OF ATTORNEY (OR PRO PER): ______ **Date** May 1, 2009

**Notice to Counsel/Parties:** The CV-71 (JS-44) Civil Cover Sheet and the information contained herein neither replace nor supplement the filing and service of pleadings or other papers as required by law. This form, approved by the Judicial Conference of the United States in September 1974, is required pursuant to Local Rule 3-1 is not filed but is used by the Clerk of the Court for the purpose of statistics, venue and initiating the civil docket sheet. (For more detailed instructions, see separate instructions sheet.)

Key to Statistical codes relating to Social Security Cases:

| Nature of Suit Code | Abbreviation | Substantive Statement of Cause of Action |
|---|---|---|
| 861 | HIA | All claims for health insurance benefits (Medicare) under Title 18, Part A, of the Social Security Act, as amended. Also, include claims by hospitals, skilled nursing facilities, etc., for certification as providers of services under the program. (42 U.S.C. 1935FF(b)) |
| 862 | BL | All claims for "Black Lung" benefits under Title 4, Part B, of the Federal Coal Mine Health and Safety Act of 1969. (30 U.S.C. 923) |
| 863 | DIWC | All claims filed by insured workers for disability insurance benefits under Title 2 of the Social Security Act, as amended; plus all claims filed for child's insurance benefits based on disability. (42 U.S.C. 405(g)) |
| 863 | DIWW | All claims filed for widows or widowers insurance benefits based on disability under Title 2 of the Social Security Act, as amended. (42 U.S.C. 405(g)) |
| 864 | SSID | All claims for supplemental security income payments based upon disability filed under Title 16 of the Social Security Act, as amended. |
| 865 | RSI | All claims for retirement (old age) and survivors benefits under Title 2 of the Social Security Act, as amended. (42 U.S.C. (g)) |